**GOVERNMENT SERVICES, Inc. v. DISTRICT OF COLUMBIA.**

Nos. 10676, 10677, 10678.

United States Court of Appeals District of Columbia Circuit.

Argued April 17, 1951.

Decided April 26, 1951.

John W. Cross, Washington, D. C., with whom Cary McN. Euwer and John B. Huffaker, Washington, D. C., were on the brief, for petitioner.

Harry L. Walker, Asst. Corporation Counsel, Washington, D. C., for the District of Columbia, with whom Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and George C. Updegraff, Asst. Corporation Counsel, all of Washington, D. C., were on the brief, for respondent.

Before CLARK, WILBUR K. MILLER and PROCTOR, Circuit Judges.

PER CURIAM.

Petitioner is a corporation which operates cafeterias in Federal Government buildings and recreation facilities in federal parks. It claims exemption from taxation by the District of Columbia government, on the ground that it is an exclusively charitable organization. Specifically, in these cases, it claims exemption from franchise, motor vehicle, and personal property taxes.

Petitioner is not a Government-owned or -operated organization. It is non-profit in the sense that none of its earnings can inure to the benefit of any single private individual. The question is whether it is also exclusively charitable in its operations.

This corporation makes profits in that its receipts are in excess of its costs. From these net earnings it has made contributions to various charities and has paid over large sums to the Federal Government. It has an accumulated earned surplus of about $1,500,000 largely invested in equipment. Its operations are extensive and apparently expanding. It sells meals and recreation services at moderate prices, compared to commercial levels, and its facilities, being, with the cooperative approval of the Government, located in Government buildings, are extremely convenient for the use of Government employees. These two features—moderate prices and convenient locations—for the benefit of Government employees are the objectives of its existence. Undoubtedly these are highly laudable objectives. The trustees, or directors, operate the organization from a high sense of service to their fellow employees. But neither as a matter of philosophy nor as a matter of language can the organization or its operation be held to be charitable in the sense in which tax statutes grant exemptions from taxation.

Petitioner urges upon us the sweeping phrases of court opinions referring to charity and charitable in various senses. Generally they relate to charitable purposes in trusts, and the quotations are of ancient and honorable origin, going back into the days of Elizabeth. This court once said, in a tax case, that the great weight of opinion seems to be that a charitable trust "may be applied to almost anything that tends to promote the well-doing and well-being of social man." [1] And the court, in the same case, used the expression "a desire to advance the common weal" [2] as a test for charity. Petitioner presents quotations that the term "charitable" includes "all the kindly inclinations which men ought to bear toward each other, and which prompt them to promote the general welfare"; [3] and urges upon us that the underlying basis for tax exemptions has been that charitable institutions lessen the burdens of government.

But these laudable and highly respectable declarations cannot be translated into definitions of tax exemption by a mere application of their phrases. For example, the street car company at the seat of government obviously "lessens the burdens of government", in that if it did not exist the government would have to transport government workers from their homes to their places of duty; but we suppose that no one would argue that the transit company is a charitable organization. Surely bookstores, radio stations, and newspapers are operated for the public weal in a sense; but they are certainly not charities. These cafeterias no more reduce the burdens of government than do any of the several moderate-price cafeterias in the District of Columbia, also serving Government employees. They are not more in the public weal than is a cut-rate store, or a public utility, or a newspaper. The Federal Government has long since defined "charitable" for the purpose of its tax statutes as comprising, in general, organizations for the relief of the poor.[4] The Board of Tax Appeals thought that general principle appropriate and applicable here. We too think so.

1. Pennsylvania Co. for Insurance on Lives, Etc. v. Helvering, 1933, 62 App.D.C. 254, 256, 66 F.2d 284, 286.

2. 62 App.D.C. at page 258, 66 F.2d at page 288.

3. Hamburger v. Cornell University, 1923, 204 App.Div. 664, 199 N.Y.S. 369, 372.

4. U. S. Treas. Reg. 65, art. 517 (1924); and all subsequent Regs.

As a matter of tax philosophy petitioner's contention cannot be sustained. Admittedly it makes profits, and admittedly those profits can go to no single private person. They are claimed to be for one of two dispositions, either to supply the means for making more profits or for presentation to the Federal Government. In ultimate analysis, obviously they must be for the latter disposition. So the simple question is whether the Federal Government has a right to these profits exclusive of any charge upon them for the benefit of the District government. The profits arise from the sale of meals and recreation services to residents of the District. The District government furnishes those residents with police, fire, school, highway, welfare, recreation, library, and numerous other municipal facilities. Profits accumulated from the sale of meals and recreation facilities at moderate prices to these people seem to us to be not only non-exempt but to be an ideal subject of taxation for municipal purposes. If a general and public-spirited operation saves these residents some of the costs of their living, why should not the irreducible net earnings (otherwise to be presented to the Federal Government) be used in part to bear the burdens of municipal government services? Upon what basis can it reasonably be contended that such accumulations should go to the Federal Government free of municipal charges?

It is said that not the source but the destination of the funds is the criterion. These funds are destined either for use to acquire more equipment for use in the sale of more meals, etc., or for presentation to the Federal Government. Neither purpose is "charitable" in a tax-exemption sense, in our view.

We have referred specifically to taxes levied upon the profits of petitioner, *i. e.,* the franchise tax. The same considerations apply to its claims for exemption from taxes upon its motor vehicles and its tangible personal property.

Petitioner also claims, as an alternative, exemption as a civil league operated exclusively for the promotion of social welfare, under another exempting clause of the statute.[5] Meals at moderate prices and at convenient locations are undoubtedly highly desirable, just as such facilities for the purchase of clothes, drugs and groceries would be, but to supply them is not "social welfare" in the tax-exemption sense.

We agree with the Board of Tax Appeals, and its decisions are

Affirmed.

5. 61 Stat. 334 (1947), D.C.Code § 47–1554(f) (1940) (Supp. VII).